Thomas W. **SEELER**, Regional Director of the Third Region of the National Labor Relations Board, For and on Behalf of the **NATIONAL LABOR RELATIONS BOARD**, Petitioner,

v.

**LOCAL 14, BRICKLAYERS, MASONS & PLASTERERS INTERNATIONAL UNION OF AMERICA, AFL–CIO**, and its agent George Nagy, Respondents.

No. 71 Civ. 1794.

United States District Court, S. D. New York.

May 3, 1971.

Arthur Neubauer, N. L. R. B., Albany, N. Y., for petitioner.

Eli Hellman, Friedlander, Gaines, Ruttenberg & Goetz, New York City, for respondents.

MOTLEY, District Judge.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This is an action for a temporary injunction authorized by Section 10(*l*) of the NLRA, as amended, restraining respondent from engaging in what appear to be secondary boycott activities in violation of Section 8(b) (4) (B) of the NLRA, pending final disposition of charges pending before petitioner.

Petitioner is the Regional Director of the Third Region of the National Labor Relations Board (NLRB). On or about April 5, 1971, International Building Corporation (IBC), pursuant to provisions of the NLRA, filed charges with petitioner against respondent alleging violations of Section 8(b) (4) (B) of the NLRA.

Respondents are Local 14, Bricklayers, Masons & Plasterers, International Union of America, AFL–CIO (Local 14), and its agent, George Nagy. Local 14 is an unincorporated association in which employees participate and which exists for the purpose of dealing with employers concerning matters affecting their members such as grievances, wages, hours of employment, etc. Respondent Nagy is its business agent. Both respondents maintain their principal offices in Kingston, New York. They have, at all times material herein, engaged in transacting business and in promoting the interests of the employee members of Local 14 within this district.

This court finds and concludes that petitioner had reasonable cause to believe, based upon the charges filed with it by IBC, that Local 14 and its agent have engaged in acts and conduct which may be violative of Section 8(b) (4) (B) and that such acts and conduct are affecting commerce within the meaning of Sections (2), (6) and (7) of the NLRA, and that the granting of the relief sought is, therefore, just and proper.

In addition to the foregoing facts, the court's findings and conclusions are based upon the following facts established at a hearing on April 30, 1970.

IBC is a general contractor in the construction industry with principal offices in White Plains, New York. In connection with its business, it annually receives goods and materials valued in excess of $50,000 from outside the State of New York. It is presently engaged in the construction of an apartment house complex in Ulster, New York, valued at about $1,500,000. As the general contractor, IBC has entered into a subcontract with John Sorensen, an individual, to lay building bricks and blocks for the apartments' construction.

Sorensen maintains his office and place of business in Kingston, New York at which place and in other places throughout the state he engages in the work of a masonry subcontractor in the construction industry.

There are several materials suppliers presently supplying materials for construction of the apartment house at the construction site pursuant to agreements with IBC. Hudson Valley Block Co., Inc. (Hudson) of Poughkeepsie, New York is supplying building bricks and/or concrete blocks and cement. Nelsen Redi-Mix Concrete, Inc. (Nelsen) with principal offices in Lake Katrine, New York is supplying transit-mixed concrete and concrete blocks.

Hyde Park Excavating Co. (Hyde Park) of Hyde Park, New York has been engaged by IBC to do trenching work and installation of utilities for the

apartments' construction. Efficiency Plumbing and Heating Co. (Efficiency) of Emerson, New Jersey, which is engaged in New York and New Jersey in the plumbing and heating business has been engaged by IBC to install plumbing facilities in the apartment complex.

All of these suppliers and subcontractors have been and are presently engaged in the construction industry or are materials suppliers for that industry. They are all engaged in commerce or industries affecting commerce.

Beginning in November 1970, Local 14 has been engaged in a labor dispute with Sorensen. At no time material herein has Local 14 had a labor dispute with IBC, Hudson, Nelsen, Hyde Park or Efficiency. Local 14 is not currently certified as the representative of any of Sorensen's employees. However, in furtherance of its dispute with Sorensen, Local 14 and Nagy, since March 1971, have picketed the apartment house construction site and have appealed to employees of the other subcontractors and suppliers to engage in a strike or refusal in the course of their employment to perform services. (Petitioner's Exhs. 4, 5). Since December 1970 Nagy and Local 14 have threatened IBC in furtherance of Local 14's dispute with Sorensen. (Testimony of Grossman, Vice-president of IBC). An object of the picketing and threats was to force or require Hudson, Nelson, Hyde Park and Efficiency to cease doing business with IBC. Another objective of the picketing and threats was to force IBC to cease doing business with Sorensen. (Petitioner's Exhs. 1, 2 & 3 and testimony of Grossman). Still another objective was to force Sorensen to recognize and to bargain with Local 14 as the representative of Sorensen's employees, although Local 14 has not been certified as the representative of such employees. (Testimony of Berzal, secretary-treasurer of Nelsen).

This court also finds and concludes that it has jurisdiction of the parties and of the subject matter of this action, Section 10(*l*), and that unless enjoined,

the picketing and threats described above will continue. The injunction is issued simultaneously herewith. NLRB v. Local 25, IBEW, 383 F.2d 449 (2d Cir. 1967).